ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **INTERNATIONAL PAPER COMPANY, d/b/a xpedx,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) |
| | ) Case No. 10-2332-JAR |
| **FOWLER ENVELOPE, L.C.,** | ) ) |
| | ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion for Summary Judgment and to Strike Defendant's Answer (Doc. 19). Plaintiff International Paper Company operates "xpedx," which distributes printing paper, boxes, and other products. Plaintiff filed this action on June 14, 2010 against defendant Fowler Envelope, L.C. ("Fowler"), alleging claims for account stated, breach of contract, and quantum meruit, seeking recovery for outstanding invoices on products ordered and accepted by Fowler. Defendant retained counsel Tyler Bensen, who submitted an Answer to the Complaint on July 12, 2010. Defendant appeared by and through Mr. Bensen at the Scheduling Conference on August 17, 2010. On August 27, 2010, Mr. Bensen filed a Motion to Withdraw as Attorney (Doc. 10), attaching a letter from Jeff Neusel, Vice President/General Manager of Fowler, stating that "we have decided to go in a different direction. Therefore, as of 5:00 pm today August 27, 2010 we no longer require your services."[1] Magistrate Judge Humphreys granted Mr. Bensen's motion to withdraw on September 3, 2010, warning Mr. Neusel that he

---
[1] (Doc. 10, Ex. Letter.)

must still appear at his deposition, scheduled for September 16, 2010 and that failure to appear would result in the imposition of sanctions against him personally. On September 28, 2010, Judge Humphreys suspended the mediation requirement set forth in the Scheduling Order, finding that the effort would be futile in light of defendant corporation's lack of legal representation.

On October 7, 2010, plaintiff filed the instant Motion for Summary Judgment and to Strike Defendant's Answer. As an alternative to summary judgment, the motion argues that defendant's Answer should be stricken and default judgment entered due to Fowler's lack of representation. A corporation may only appear in court by and through an attorney.[2] Fowler has not been represented by an attorney in this matter since September 28, 2010. Plaintiff states in its motion that it has neither received Fowler's Initial Disclosures, nor responses to written discovery that it served on August 30. Plaintiff further represents that Judge Humphreys impressed upon Mr. Neusel the importance of obtaining representation in this matter at a September 21, 2010 status conference.

While the Court finds that defendant's failure to secure counsel has adversely affected the prosecution of this case—it has caused the mediation requirement to be suspended and it has delayed discovery—the Court finds it necessary to provide Fowler with one further opportunity to obtain counsel before imposing more serious sanctions. Furthermore, the Court finds it premature to consider plaintiff's motion for summary judgment. Instead, the Court orders defendant Fowler to obtain counsel by November 29, 2010. If counsel fails to enter an appearance on behalf of Fowler by this date, the Clerk shall enter default in favor of plaintiff on

---

[2] *E.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

all claims pursuant to Fed. R. Civ. P. 55(a).  Plaintiff shall then file a motion for default judgment within ten days of the Clerk's entry of default.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Summary Judgment and to Strike Defendant's Answer (Doc. 19) is **denied without prejudice** to refiling.

**IT IS FURTHER ORDERED that defendant Fowler shall obtain counsel by November 29, 2010.  If counsel fails to enter an appearance on behalf of Fowler by this date, the Clerk shall enter default in favor of plaintiff on all claims**.  **Plaintiff shall then file a motion for default judgment within ten days of the Clerk's entry of default**.

**IT IS SO ORDERED.**

Dated: October 28, 2010

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE